De la Rosa v. Sucrerie Central Coloso.

# VICTORIO DE LA ROSA, Plff.,

*v.*

# SUCRERIE CENTRAL COLOSO DE PUERTO RICO, Dft.

San Juan, Law, No. 1150.

ON DEMURRER TO COMPLAINT.

Pleading—Complaint—Ultimate Facts.

    A complaint in which plaintiff alleges that he contracted to get cane growers to deliver cane to defendant's mill should set forth the names of those growers whom he got to deliver cane to defendant's mill, as these are the ultimate facts, and the ultimate facts must be alleged in a complaint.

Opinion filed November 27, 1916.

*Mr. H. R. Francis* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This demurrer seems to bring up the question of how far facts must be stated in the complaint. Ultimate facts must be stated, but the quo modo need not be stated. That is a matter of proof.

This seems to be a contract between the plaintiff and de-

De la Rosa v. Sucrerie Central Coloso.·

fendant by which the plaintiff was to get cane growers in a certain district to furnish cane to the Central, the defendant, and the plaintiff would receive a certain commission for so doing. That seems to be the contract. The plaintiff alleges that he carried out his contract, and that there were furnished thereunder so many thousand pounds of cane or sugar as the case may be. The defendant says this is not enough; that the plaintiff must show the details of compliance with the contract. It would seem that this would be the quo modo of carrying out the contract, but there is this peculiarity about the contract apparently. It is not an agreement by the plaintiff and defendant that the plaintiff will do something alone; that he will work his horse, ox, or bull, as the case may be, so many days for the defendant. It is not that. It is not a personal service by the plaintiff, but it is that the plaintiff will get some other people to do something. And the breach is that he did get these other people to do the something and the defendant has not paid for it. It looks to me as if the ultimate facts in this particular case would be that the plaintiff got John Smith to furnish cane, that he got Tom Jones to furnish cane; that he got somebody else to furnish cane, etc.; that he should at least say who it was that he got to furnish the cane under the contract, because the contract is that he would get other people to do so and so.

I will sustain the demurrer to that extent, to compel plaintiff to state in the complaint who it was that he got to furnish cane under the contract. Beyond that the demurrer is overruled.